ALICE NOICE v. A. D. BROWN.

An agreement of a married man to marry, when a divorce should be decreed between himself and his wife in a suit then pending, is contrary to public policy, and void.

On demurrer to the declaration.

Argued at November Term, 1875, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Wm. Y. Johnson.*

For the defendant, *John F. Hageman.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The declaration, to which a demurrer has been filed, complains in all its counts of a breach of a promise of marriage. These counts are special, and all contain the same facts. The case thus presented is, that the defendant, being a married man, and living apart from his wife, and in expectation of a divorce from her by force of a

bill then pending, promised the plaintiff to marry her in a reasonable time after such divorce should have been obtained.

I can not see the faintest semblance of legality in the promise here laid. It is wholly fallacious to suppose that a contract is not illegitimate if the act agreed to be done would not be illegal at the time of its contemplated performance. Such is not the law. A contract is totally void, if, when it is made, it is opposed to morality or public policy. The institution of marriage is the first act of civilization, and the protection of the married state against all molestation or disturbance is a part of the policy of every people possessed of morals and laws. But this relationship, in order to execute the purpose for which it is established, requires the undivided devotion of each of the parties to it to the other, and the consequence is that it is invaded and impaired by any thing which has a tendency to alienate such devotion. But this plaintiff claims the right to take to herself that affection of this husband, which, in legal theory at least, belong to the wife; but such a transfer the law will not sanction. Such conduct is a gross violation of the rights of the wife. Nor, in a legal point of view, does it at all strengthen the argument to suggest that the defendant, at the time of making this promise, was living separated from his wife, and was looking forward to a divorce. While the marriage exists the duties inherent in such marriage likewise exist, and they cannot be thrown off at the will of either party. By voluntarily withdrawing from the society of his wife a man cannot free himself from his matrimonial obligations. Nor can he do so in the hope of a divorce. If a husband can bind himself to a future marriage conditioned on the getting of a divorce, so he can incur a similar obligation to be put in effect on the dissolution of his marriage by the death of his wife. Such contracts are highly impolitic and highly scandalous, and are, therefore illegal.

The demurrer must be sustained.